WHATLEY, Judge.
Jessie Lanier Jr. appeals the trial court’s summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. La-nier was originally charged in three similar cases. In case number 99-0649A-XX, La-nier was charged with three counts of burglary of a structure and one count of grand theft. The burglary counts were later nolle *243 prossed. In case number 99-8154A-XX, Lanier was charged with three counts of burglary of a structure, one count of grand theft, and one count of possession of burglary tools. The grand theft count was later nolle prossed. In case number 99-8149A-XX, Lanier was charged with one count of burglary of a structure and one count of grand theft. Lanier pleaded nolo contendere to the remaining charges and was sentenced to concurrent terms of five years in prison for each count.
Lanier now alleges that he was charged twice for the same crimes. Lanier, however, failed to state which cases and which counts he considered duplicative. Because Lanier did not allege specific facts to support this claim, his allegation was facially insufficient. See Ragsdale v. State, 720 So.2d 203 (Fla.1998) (finding postconviction motion must allege specific facts which demonstrate a deficiency in the performance of counsel that prejudiced the defendant). We affirm without prejudice to Lanier’s right to file a facially sufficient rule 3.850 motion. Any such motion shall not be deemed successive based upon La-nier’s attempt in this proceeding. See Lewis v. State, 777 So.2d 1083 (Fla. 2d DCA 2001).
We also note that in Lanier’s initial brief he raised an additional claim concerning credit for time served. The order under review, however, did not address this issue which was raised in a prior motion and addressed by a prior order. Accordingly, we cannot address this claim.
We affirm Lanier’s remaining claims without comment.
Affirmed.
FULMER, A.C.J., and GREEN, J., Concur.